# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| W.R. HUFF ASSET MANAGEMENT CO., et al. ) ) ) ) | |
| Plaintiffs, ) ) | Case No. CV-00-S-1872-VEH |
| v. ) ) | |
| KOHLBERG, KRAVIS, ROBERTS, et al. ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiffs' April 11, 2005, Motion Seeking Leave to File a Fourth Amended Complaint and Motion to Remand (doc. 65). In light of the Eleventh Circuit's recent opinion in this case, the court entered a briefing schedule on this motion. The time for filing briefs has expired, and this motion is now ripe for review.[1]

**I.    Procedural History**

On August 10, 1995, Bruno's, Inc. issued $400 million of high yield

---

[1]On February 15, 2007, the parties were ordered to brief the court, within 11 days from the date of the Order, on whether remand of this action would be appropriate should the court grant Plaintiffs' Motion for Leave to File Fourth Amended Complaint. Plaintiffs did not respond.

1

subordinated notes ("Notes") in anticipation of its August 1995 leveraged recapitalization. Plaintiff Huff is an investment management company that purchased $290 million of these Notes on behalf of its customers. Defendants are numerous entities and individuals that participated in Bruno's recapitalization. On February 2, 1998, Bruno's and its subsidiaries filed petitions for relief under Chapter 11 of the Bankruptcy Code in the District of Delaware. *See In re: PWS Holding Corp.*, Del. Case No. 98-212, 1999 WL 33510165 (Bankr. D. Del. Dec. 30, 1999), *aff'd*, 228 F.3d 224 (3rd Cir. 2000).

On August 4, 1999, Huff filed this action in Alabama state court for itself and on behalf of certain of its unnamed purchaser-clients alleging claims for fraudulent transfer and breach of duty against Defendants. On August 24, 1999, Defendants removed the case to the United States Bankruptcy Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1452(a) on the basis that this case was related to Bruno's bankruptcy proceeding in the District of Delaware (doc. 1). On September 1, 1999, Huff filed a motion in the Bankruptcy Court in Alabama to remand the action to state court. However, the Bankruptcy Court in Alabama stayed that motion, with the consent of the parties, pending confirmation of Bruno's plan for reorganization by the Delaware court. The Bankruptcy Court in Delaware confirmed the plan on December 30, 1999.

On April 24, 2000, Huff sought leave from the Bankruptcy Court in Alabama to amend the complaint in this case, asserting claims under Alabama state law for: (1) fraudulent suppression; (2) fraudulent and reckless misrepresentation; (3) fraudulent and reckless deceit; (4) violations of the Alabama Securities Act; (5) negligent misrepresentation; (6) civil conspiracy; and (7) aiding and abetting. The Bankruptcy Court granted Huff leave to amend on May 24, 2000.

On January 4, 2001, the Bankruptcy Court in Alabama withdrew the bankruptcy reference of this action and transferred this case to the District Court for the Northern District of Alabama.

On July 1, 2002, Huff filed a renewed Motion to Remand (doc. 25). Judge Bowdre held a hearing on the Motion to Remand on September 4, 2002, and entered an Order and Memorandum Opinion (docs. 38, 39) on October 22, 2002, dismissing without prejudice the "numerous state law claims alleged by Huff in its Second Amended Complaint" and gave Huff leave "to amend its Second Amended Complaint to assert any applicable federal claims it may have under SLUSA."

On November 5, 2002, Huff filed its Third Amended Complaint asserting only state law claims and no federal claims. The Third Amended Complaint was struck by the court on a motion by Defendants.

On April 11, 2005, Huff filed a Motion to File a Fourth Amended Complaint

(doc. 65).² In short, Huff seeks to withdraw from this action and substitute, as the real parties in interest under FED. R. CIV. P. 17(a), 46 individual plaintiffs who invested through Huff in the transaction giving rise to this litigation. Huff plainly states that this change is an effort solely geared to avoid the reach of SLUSA and the jurisdiction of this court. Contemporaneously with its Motion Seeking Leave to File Fourth Amended Complaint (doc. 65), Huff moves to remand this action should the court permit the Fourth Amended Complaint.

## II.   Huff's Motion Seeking Leave to File a Fourth Amended Complaint

"Leave to amend a complaint shall be freely given when justice so requires." *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). The Eleventh Circuit Court of Appeals reviews the denial of a motion to amend for abuse of discretion. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "[A] district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996).

On appeal, the Eleventh Circuit recently vacated this court's previous denial

---

²Simultaneously with the Motion Seeking Leave to File the Fourth Amended Complaint, Huff also filed a copy of the Fourth Amended Complaint with the Clerk's Office. This Court struck the Fourth Amended Complaint as improvidently filed (doc. 67).

of Huff's Motion for Leave to File Fourth Amended Complaint. In its opinion, the Eleventh Circuit reasoned that this court committed an error of law in interpreting Judge Bowdre's October 22, 2002, Order. The Eleventh Circuit stated, "Judge Bowdre's order ... limited Huff to federal claims <u>only if</u> Huff elected to pursue its case based on SLUSA-defined 'covered securities.' This order cannot be interpreted to preclude all state law claims." *W.R. Huff Asset Management Co. v. Kohlberg, et al.*, No. 06-11861, slip op. at 6 (11th Cir. Dec. 11, 2006) (emphasis in original). The Eleventh Circuit reasoned that this court's denial of Huff's Motion to Amend based on the erroneous interpretation of Judge Bowdre's Order constituted an error of law, that Huff's Motion to Amend was not untimely, and that, should Huff's Fourth Amended Complaint be permitted, Defendants would not suffer an undue burden nor would there be a resulting waste of judicial resources. These were the only issues reached by the Eleventh Circuit on Huff's appeal in this case, and the action was remanded to this court for action consistent with the Eleventh Circuit's decision.

The Eleventh Circuit did not direct this court to permit Huff's Fourth Amended Complaint. Accordingly, the undersigned is faced with the task of deciding whether to grant or deny Huff's Motion to Amend in light of the Eleventh Circuit's recent opinion.

As this court has twice previously stated,

> Rule 17(a) states that "a party with whom or in whose name a contract has been made for the benefit of another" is a real party in interest. FED. R. CIV. P. 17(a). Huff's power of attorney meets this requirement; in addition, Huff has represented to the Court that it is the real party in interest under Rule 17. [Huff's August 26, 2002, Letter to the Court at 2]. Substitution is permitted under Rule 17 if the decision to sue in the original plaintiff's name was "the result of an understandable mistake." *Weiberg v. GTE Southwest, Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (quoting FED. R. CIV. P. 17(a) advisory committee's notes, 1966 Amendment). Huff does not claim that the decision to file suit in its own name is the result of a mistake; rather, Huff concedes that its tactical decision to commence this action under its own name and not in the names of the "beneficial owners" is a decision that Huff is seeking to undo in a further attempt to avoid the reach of SLUSA. Huff's desire to change its tactics is not a sufficient justification for a substitution of parties.

(doc. 75, p. 7-8; doc. 78, p. 8-9).

The court finds that Huff is estopped from now asserting that it is, in fact, not the real party in interest after repeatedly asserting a contrary position to the court in pleadings and at hearings over a number of years. Had the instant motion been properly governed by Rule 17, it most certainly would have been denied.

However, Huff filed its motion under the wrong rule. "Rule 17(a) governs transfers of interests prior to the commencement of the action, but where the transfer of interest takes place during the action, Rule 25(c) applies." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995) (citing *Veverica v. Drill Barge Buccaneer No. 7,* 488 F.2d 880, 886 (5th Cir.1974) (transfer two days after suit filed

governed by Rule 25(c), not Rule 17(a)).³ *See also Hilbrands v. Far East Trading Co.,* 509 F.2d 1321, 1323 (9th Cir.1975) ("Rule 17(a) would control if an interest was transferred prior to commencement of the suit. Rule 25(c) F.R.Civ.P. applies if the transfer occurs during the pendency of the action."). The instant action presents such a case.

It is now settled that Huff commenced this action as the real party in interest. Also, Huff has made clear that its clients – 46 of whom it now seeks to substitute for Huff as plaintiffs – are not the real parties in interest. In seeking remand of this case to Alabama state court in 2002, Huff represented to the court that, "Huff is the party in this case, not its clients. Thus the inquiry is whether the rights of Huff, the party, have been impaired." (Huff July 2002 Reply, p. 18).

On September 4, 2002, at oral argument before Judge Bowdre, counsel for Huff explained:

> We attached a letter of agreement between one of the clients and Huff which gives Huff complete discretion not only to buy and sell securities, but also gives Huff the complete control over the filing of any lawsuit. In other words, the clients could not have filed this lawsuit.

(Sept. 2002 Tr. at 5:4-9). The client agreement referenced by Huff's counsel is clear that the sole authority to initiate, settle, compromise, or discontinue a lawsuit based

---

³Decisions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*).

7

on investment in the Bruno's Notes lies with Huff and that such authority has been contractually relinquished by the individual clients:

> In your capacity as investment manager hereunder with respect to the Account, you will, from time to time, invest and reinvest or direct the investment and reinvestment of the assets in the Account and *take such other action with respect thereto as you, in your complete discretion without consultation or confirmation may determine to be appropriate (such other action to include ... asserting any claims, commencing, settling or discontinuing any action on behalf of the Account .... The [client] shall have no discretion as to whether your decisions will be accepted, but shall be obligated to implement your recommendation.*

(Letter Agreement between W.R. Huff Asset Management Co., L.L.C. and Edward G. Jepsen dated May 30, 1997, p. 1) (emphasis added). However, the Letter Agreement does not state that, should Huff opt not to pursue any claims on behalf of the Account, the right to commence a lawsuit cannot then be transferred back to the original account holders.

That is precisely what has occurred in this case. Huff pursued this action in a representative capacity on behalf of the individual account holders, and Huff now waives, pursuant to its right to do so as articulated in the Letter Agreement, its right to sue on the individual account holder's behalf. By the substitution of 46 individual account holders as the plaintiffs in lieu of Huff, Huff concedes that it "does not have any claim or damages to pursue on its own behalf." (Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Fourth Amended

Complaint, p. 1 n.1).

As the transfer in interest, from Huff to the 46 individual account holders, occurred during the pendency of this litigation, substitution of parties is necessarily governed by Rule 25(c). The court notes that the proposed Fourth Amended Complaint and the Second Amended Complaint are identical except for the substitution of parties.[4]

The disposition of a motion under Rule 25(c) is committed to the sound discretion of the trial court. *Virgo v. Riviera Beach Associates, Ltd.,* 30 F.3d 1350, 1357-58 (11th Cir. 1994); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 610 (11th Cir. 1984), *cert. denied,* 474 U.S. 1013, 106 S.Ct. 544, 88 L.Ed.2d 473 (1985). "The court may in its discretion order that the original party continue the action alone, that the transferee be substituted for the original party, or that the transferee be joined as an additional party." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364 at 366 (internal citations omitted). "Even if not named, successors in interest are always bound by the judgment; therefore,

---

[4]The Second Amended Complaint contained only state law causes of action. In the October 22, 2002, Order, the Second Amended Complaint was struck by the court in that the claims asserted therein were barred by SLUSA. However, as the Eleventh Circuit recently noted in this case, the Fourth Amended Complaint takes this action outside of the reach of SLUSA in that the case is no longer, as Judge Bowdre found, a "covered class action" as it is not being prosecuted by over 50 persons. (15 U.S.C. § 78bb(f)(5)(B)). Accordingly, the state law claims asserted in the Fourth Amended Complaint, though possibly otherwise barred, are not now precluded by SLUSA.

substitution of parties pursuant to [Rule 25(c)] is never mandatory." *Id*.

The interests of justice are best served by substituting the 46 individual account holders as the plaintiffs in this case. Huff "never purchased any Bruno's Notes for its own account and therefore has ever owned any Bruno's Notes." (Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint, p. 1 n.1). The actual account holders are the more appropriate parties to pursue this action in that they purchased Bruno's Notes and they would have suffered the actual injury if the allegations contained in the proposed Fourth Amended Complaint prove meritorious. In addition, this action, though long-pending, is in the very initial stages of litigation. Defendants have not yet filed an Answer and no discovery has been taken. The factors of this case weigh heavily in favor of substitution.[5]

Defendants argue that none of the claims asserted in the Fourth Amended Complaint relate back pursuant to FED. R. CIV. P. 15(c). Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its

---

[5]While the court notes Defendants' arguments that certain of Plaintiffs' claims asserted in the Fourth Amended Complaint might not survive even a minimum level of scrutiny, those contentions are brought prematurely.

defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *See Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384 (1986).

The court has considered the Fourth Amended Complaint in light of the *Schiavone* factors and concludes that the claims asserted within the proposed Fourth Amended Complaint relate back pursuant to Rule 15(c). The basic claims arose from the same conduct, the sale and purchase of Bruno's Notes, as set forth in the original pleading. No new defendants are being brought in by the Fourth Amended Complaint. The Defendants in the Fourth Amended Complaint have long been put on notice of the claims against them.[6] As such, the final three elements of *Schiavone* are inapplicable to the case at bar.

Accordingly, Plaintiffs' Motion for Leave to File Fourth Amended Complaint (doc. 65) is due to be and hereby is **GRANTED**. The Plaintiffs are hereby given leave to file their Fourth Amended Complaint within 7 days of entry of this Order.

The court **DEFERS RULING** on the pending Motions to Remand (docs. 65,

---

[6]Murray Devine & Co., a named defendant to this action in the Original, First, Second, and Fourth Complaints, argues that any claims asserted against it in the Fourth Amended Complaint were waived in that Plaintiff did not assert any claims against Murray Devine & Co. in the Third Amended Complaint. Murray Devine & Co. does not cite any binding authority in support of its waiver argument, and the court is not persuaded by the non-binding cases cited in Murray Devine & Co.'s brief.

87).

      **DONE** and **ORDERED** this 13th day of March, 2007.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge