FILED

2007 Mar-27  PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **W.R. HUFF ASSET MANAGEMENT CO.,** et al. | ) ) ) ) | |
| **Plaintiffs**, | ) ) | **Case No. 2:00-CV-1872-VEH** |
| **v.** | ) ) | |
| **KOHLBERG, KRAVIS, ROBERTS,** et al. | ) ) ) | |
| **Defendants**. | ) | |

## <u>MEMORANDUM OPINION</u>

Pursuant to this court's authority under 28 U.S.C. § 1452(b), the above-styled action will be **REMANDED** to state court by a separate Order, consistent with this Memorandum Opinion.

The above-styled action was originally filed in the Circuit Court of Jefferson County, Alabama, in August 1999. Thereafter, Defendants removed the case to the United States Bankruptcy Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1452(a) on the basis that this case was related to Bruno's bankruptcy proceeding in the District of Delaware (doc. 1). At the time of removal, and at the present, there was and is no other basis for federal jurisdiction over this case except

1

through § 1452(a).[1]

On September 1, 1999, Huff filed a motion in the Bankruptcy Court in Alabama to remand the action to state court. However, the Bankruptcy Court in Alabama stayed that motion, with the consent of the parties, pending confirmation of Bruno's plan for reorganization by the Delaware court. The Bankruptcy Court in Delaware confirmed the plan on December 30, 1999.

On April 24, 2000, Huff sought leave from the Bankruptcy Court in Alabama to amend the complaint in this case, asserting claims under Alabama state law for: (1) fraudulent suppression; (2) fraudulent and reckless misrepresentation; (3) fraudulent and reckless deceit; (4) violations of the Alabama Securities Act; (5) negligent misrepresentation; (6) civil conspiracy; and (7) aiding and abetting. The Bankruptcy Court granted Huff leave to amend on May 24, 2000.

On January 4, 2001, the Alabama Bankruptcy Court withdrew the bankruptcy reference of this action and transferred this case to the United States District Court for the Northern District of Alabama. Since that time, this action has had a long and arduous history; yet, it is only in the threshold phase of litigation. The Third Amended Complaint that is currently before the court contains only state law causes

---

[1]There has been no finding by this court that SLUSA applies to the Third Amended Complaint. All parties have agreed, however, that any SLUSA claims the plaintiffs could assert, if any, would be time-barred. Therefore, SLUSA cannot serve as a basis for federal jurisdiction.

of action.[2]

Federal courts are courts of limited jurisdiction; thus, a federal court must take care to ensure that it has jurisdiction for all cases that come before it.  *See Rembert v. Apfel,* 213 F.3d 1331, 1333-34 (11th Cir.2000).  To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion.  *See Id.*; *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").  Here, this action raises a jurisdictional issue which the court, *sua sponte,* will address before it proceeds further.  *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1245 (11th Cir.2004) (recognizing that a district court may *sua sponte* decide to remand a case for lack of subject matter jurisdiction).

Cases that are removed pursuant to § 1452(a) are transferred back to the state courts via remand under § 1452(b).  *See Royal v. Daihatsu*, 197 B.R. 341, 349 (N.D.

---

[2]The court takes note that the Third Amended Complaint asserts that the Alabama State Court system, and not this court, has jurisdiction over the controversies pled therein.

3

Ala. 1996).  Decisions to remand cases under § 1452(b) are not subject to review on appeal. *See* 28 U.S.C. § 1452(b).  "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." *Id.* "The equitable grounds include forum non conveniens, a state court's heightened ability to deal with questions of state law, the expertise of a particular court, the duplicative or uneconomic effort of judicial resources in two forums, prejudice to involuntarily removed parties, comity considerations, and the lessened possibility of inconsistent results." *Royal*, 197 B.R. at 349 (citing *Thomasson v. AmSouth Bank*, 59 B.R. 997 (N.D. Ala. 1986)).  "The three mandatory abstention requirements which may also be considered are: 1) the proceeding is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case, 2) the proceeding could not have been commenced in federal court but for the bankruptcy, and 3) the state court can timely adjudicate the cause of action." *Id*. (citing 28 U.S.C. § 1334(c)(2)).

Application of these factors to the case at hand weighs in favor of remanding this case to state court.  The claims asserted in the Third Amended Complaint are based entirely on Alabama law and are of a kind typically tried in state court.  To try this case in federal court could lead to rulings which would be inconsistent with state court rulings in other cases on issues similar to those raised here.  The Third

4

Amended Complaint could not have been filed in federal court had it not been for Bruno's bankruptcy.

The question of whether SLUSA applies in this case is also appropriately decided by a state court sitting in Alabama. Alabama courts have rendered decisions on SLUSA's application in a case involving the same Bruno's Notes and the same Plaintiff as are involved in the above-styled action. *See B.T. Securities Corporation, et al. v. W.R. Huff Asset Management Co., L.L.C., et al.*, 891 So.2d 310 (Ala. 2004). In addition, Huff has noted that, in *B.T. Securities*, where Huff was proceeding as a plaintiff in a representative capacity for its account holders, "the Alabama Supreme Court ultimately held that the representative nature of Huff's status as Plaintiff constituted a "covered class action" subject to SLUSA." (Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint; doc. 70; p. 18). Alabama courts are, therefore, uniquely situated to decide those same issues in the case at bar.

There is no greater convenience of this forum from that of the state court sitting in this county. Judicial resources will not be wasted in that this case has not progressed beyond the initial pleadings. No Answer has been filed and no discovery has been taken. Because the case is at such an early procedural stage, there can be no harm or prejudice to either party by returning the case to state court. There has been

5

no showing that the state court cannot timely adjudicate this matter upon its remand. Therefore, the aforementioned equitable considerations render it appropriate to remand this action to the Circuit Court for Jefferson County pursuant to § 1452(b).

Finally, the court finds in favor of remand in that judicial resources are conserved and that this case has the greatest chance of timely proceeding towards a final resolution through adjudication of this matter in state court.  Huff has conceded that "if SLUSA applies, Huff's claims were extinguished even before Huff knew they existed as the period of repose under federal law had expired and SLUSA had preempted Huff's state law claims."  (Memorandum of Law in Support of Huff's Motions to Reconsider; doc. 77; p. 9).  Effectively, Huff has stated that, if SLUSA applies in this case, it has no federal law claims to assert, and this case is due to be dismissed.  Thus, there can be no federal question jurisdiction in this case.  If SLUSA does not apply to this action, then Huff has asserted only state law causes of action over which this court would decline to extend supplemental jurisdiction.  The state law claims asserted in the Third Amended Complaint are such that adjudication of this case should proceed in state court.[3]

---

[3]The court notes that Huff has filed a Motion for Leave to File a Fourth Amended Complaint (doc. 65).  A balance of the equities does not weigh against remand prior to the court ruling on the pending Motion for Leave.  Huff is not prejudiced in that it could, should it so choose, re-file its Motion for Leave in state court.  In addition, the proposed Fourth Amended Complaint, like the Third Amended Complaint discussed *supra*, contains only state law claims that would be more appropriately adjudicated in state court.

A separate Order will be entered consistent with this Memorandum Opinion.

**DONE** this the 27th day of March, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge